# Stewart *v.* Louisville & Nashville Railroad Co.

*Action for Damages against Employer, for Personal Injuries causing Death of Workman.*

1. *Who is proper party plaintiff.*—Under the statute giving a right of action to a workman, against his employer, for personal injuries received while in the service, if caused by negligence, and further declaring that, " in case the injury results in death, the heirs at law of the workman shall have the same right of compensation and remedies against the employer, as if the workman had not been in his service, nor engaged in his work" (Sess. Acts 1884-5, p. 115); although " heirs at law " may be construed to mean next of kin, and although the amount recovered is made exempt from the payment of the debts of the deceased, the action must be brought in the name of the personal representative.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This action was brought by Louis Stewart, Joseph Russell and others, infants suing by their mother as next friend, as the heirs at law of Charles Russell, deceased, to recover

[Stewart v. Louisville & Nashville R. R. Co ]

damages for the alleged negligence of the defendant which caused the injuries resulting in his death. Said Charles Russell was, at the time of his death, in the employment of the defendant corporation as a brakeman; and he was killed on the night of September 26th, 1886, being struck by the timbers of a bridge while on the top of a freight car in the discharge of his duties as brakeman. The action was commenced on the 19th February, 1887, and was founded on the act approved February 12th, 1885, entitled "An act to define the liabilities of employers of workmen, for injuries received by the workman while in the service of the employer."—Sess. Acts 1884-5, p. 115. The court sustained a demurrer to the complaint, on the ground that the right of action, if any, was in the personal representative of the deceased; and this judgment is now assigned as error.

G. L. & H. T. Smith, for appellants.—At common law, when a workman or employee was injured by the negligence of his employer, he had an action for damages, unless he was himself guilty of contributory negligence; but, if death ensued from his injuries, no right of action survived to those who might be dependent on him. This defect of the common law has been remedied by statute in England, and in many of the American States. In Alabama, by an act passed in February, 1872, an action for damages was given to the personal representative, on account of injuries which caused the death of his intestate, if the intestate himself could have maintained an action had he survived; and the recovery was given to the distributees of his estate, and made exempt from the payment of debts.—Code of 1876, § 2641. In furtherance of this same policy the statute was passed on which this action was founded, which gives an action to a workman or employee, for injuries caused by the negligence of another workman or employee, extends the remedy to his *heirs*, if the injuries result in death, and makes the recovery exempt from the payment of debts.—Sess. Acts 1884-5, pp. 115-6. A literal interpretation of this statute would entirely defeat its humane purposes; but such an interpretation is never adopted, if any other reasonable construction can be placed on it. The statute is highly remedial, and should receive a liberal construction. It was manifestly intended to give the workman himself an action for injuries caused by negligence, when he had none before; and to extend the full benefit of this remedy to his family, or those

who might be dependent upon him, if the injuries resulted in his death. There is no reason why an administrator should intervene, since the recovery is exempt from the payment of debts; and since, as the courts must know, in a very great proportion of the cases falling within the statute, the deceased workman would have but little (if any) property, the expense of a useless administration is avoided, and the right of action is given directly to the *heirs*, which must be construed to mean distributees. As to the construction of remedial statutes, see Potter's Dwarris, 73, 74; Sedgw. Stat. Constr., 311-12, 259; *Blakeney & Blakeney*, 6 Por. 118; *Emerson v. Emerson*, W. Jones, 174; *Berwick v. Andrews*, 2 Ld. Raym. 974; *Williams v. Carey*, 4 Mod. 403; *Doe v. Porter*, 3 T. R. 13; *Felrath v. Schonfeld*, 76 Ala. 202; *Thompson v. State*, 20 Ala. 62; *Favers v. Glass*, 22 Ala. 621; *Brooks v. School Comm'rs*, 31 Ala. 229; *Ex parte Dunlap*, 71 Ala. 73; 12 U. S. Digest, 738-9, §§ 751, 763-5. See, also, the English statute, from which ours is evidently taken, in Encyc. Brit., tit. *Labor*.

GAYLORD B. CLARK, FRANK B. CLARK, Jr., and LEVERT CLARK, *contra*.—The statute on which the action is founded, so far as it attempts to give a right of action to the heirs of a deceased workman, is void for uncertainty, and its defects can not be supplied by judicial construction.

STONE, C. J.—In the absence of statutes, no one could maintain any action for the injury complained of in this case, followed, as that injury was, by the death of the party injured. Hence, we must consult the statutes, alike for the right of action, and for the manner of its enforcement. 3 Wood's Railway Law, 1530, sec. 409.

In England, and in many of the States, statutes have been enacted, giving a right of action, where death has ensued from the wrongful or negligent act of another, or of a corporation.—Wood's Railway Law, sec. 410. A remedy was provided in this State, in cases "when the death of a person is caused by the wrongful act or omission of another," by the act "to prevent homicides," approved February 5, 1872. Sess. Acts, 83; Code of 1876, § 2641.

It was held, however, and has been uniformly so ruled in most, if not all of the States, that "there can be no recovery of the master by one for an injury inflicted upon him through the negligence of his co-servant," unless the master or em-

ployer is chargeable with the employment of an incompetent person, through whose negligence or incompetency the injury is inflicted.—Wood's Railway Law,1447, sec.388; *M. & M. Railway Co. v. Smith*, 59 Ala.245; *Tyson v. S. & N. R. R. Co.*, 61 Ala. 564; *Smool v. M. & M. Railway Co.*, 67 Ala. 13; *Blake v. Maine Cen. R. R. Co.*, 70 Me. 60; s. c., 35 Amer. Rep. 297; *Brown v. W. & St. Pe. R. R. Co.*, 27 Min. 162; s. c., 38 Amer. Rep. 285; *Smith v. Flint & Pro. Marg. Railway Co.*, 46 Mich. 258; s. c., 41 Amer. Rep. 161; *Crutchfield v. Rich. & Dan. R. R. Co.*, 78 N. C. 300.

The imperfection in the law was attempted to be remedied by the "Act to define the liability of employers of workmen, for injuries received by the workman while in the service of the employer," approved February 12, 1885.—Sess. Acts, 115. That statute declares that, in case of such injury, "by reason of any defects in the condition of the ways, works, machinery," &c. "the workman, or, in case the injury results in death, the heirs at law of the workman, shall have the same right of compensation and remedies against the employer, as if the workman had not been a workman of, nor in the service of the employer, nor engaged in his work."

We encounter several difficulties in interpreting the foregoing language. "Heirs at law" is not a technically accurate form for defining distributees—next of kin—upon whom the law devolves the succession, when a decedent leaves personal effects. Such effects pass to the personal representative for administration, and reach the legatees or distributees only through him. But the statute presents a greater difficulty. It declares that, "in case the injury results in death, the heirs at law of the workman shall have the same right of compensation and remedies against the employer, as if the workman had not been a workman of, nor in the service of the employer, nor engaged in his work." Treating, as we think we must, the phrase "heirs at law," as intended to mean next of kin, we encounter the obstacle, that such next of kin, even when their ancestor died from injuries improperly inflicted by some other person, or by a corporation, have no known, direct remedy against such person, or corporation, even when the ancestor losing his life was not in the service of such person or corporation. The common law gave no such remedy, and our older statute, Code of 1876, § 2641, did not give it directly to the next of kin, or heirs at law. So, if we give to the act of February 12,

1885, a strict, narrow interpretation, it confers no rights, and has accomplished nothing.

It is our duty to give to every part of any act of the legislature some meaning and some operation, if we can. And if language admits of more interpretations than one, we should adopt that which gives it some effect, rather than another which would defeat all operation.—*Lehman v. Robinson*, 59 Ala. 219; *Ex parte Dunlap*, 71 Ala. 73. And the statute we are construing being remedial, we should construe it liberally, in promotion of the remedy intended to be conferred.—Potter's Dwar. on Stat. 73; Sedg. Con. & Stat. Const., 2d ed., 308 *et seq.; Blakeney v. Blakeney*, 6 Por. 109; *Felrath v. Schonfield*, 76 Ala. 199.

We do not feel at liberty to deny to the statute all operation, while, at the same time, we feel it to be our duty to supply as few apparent omissions—to correct as few verbal inaccuracies—as will enable us to give operation to the statute. The controlling purpose of the statute was to give to workmen, laborers, employees, a remedy against their employers, for injuries suffered through the wrongful or negligent conduct of the latter; in other words, to relieve them of the discriminating disabilities, under which they had theretofore labored—to give for the benefit of their heirs at law—next of kin—in the event death had ensued from the injury, the same compensation and remedy against the employer, as if the decedent had not been a servitor, workman, or laborer for the person or corporation offending.. As we have seen, the common law gave no compensation or remedy for negligence or tortious acts, causing the death of another. The statute, therefore, could have had no reference to the common law. An older statute—Code, § 2641—had provided compensation and a remedy, when the decedent was not an employee—was not a retained servant, or laborer. True, the action was to be prosecuted in the name of the personal representative, but the recovery was not subject to the debts of the deceased. It was to be distributed "as personal property of an intestate is now (was then) distributed;" that is, it was to go to the next kin—heirs at law. To this statute, the act of February 12, 1885, referred, or it referred to nothing. It provided compensation and a remedy to the heirs at law—next of kin—but it provided it through a suit by the personal representative. The suit in the present case ought to have been by the personal representative.

32

[Iron Age Publishing Co. v. Western Union Telegraph Co.]

We have not considered any other question in the cause. The judgment of the City Court is affirmed.