Danley *et al. v.* Scanlon, by Next Friend.

Filed Oct. 12, 1888.

No. 13,170.

DANLEY ET AL. *v.* SCANLON, BY NEXT FRIEND.

MASTER AND SERVANT.—*Dangerous Machinery.*—*Notice.*—*Pleading.*—*Complaint.*—A complaint for damages for personal injuries, which proceeds upon the theory that the plaintiff, an inexperienced boy, fifteen years of age, was put to work with machinery which his employers knew to be dangerous, but of which danger they did not inform him, is sufficiently specific as to the character of the machinery if it avers that there was danger in operating it, and that it was dangerous in the particular which caused the injury.

CONTINUANCE.—*Practice.*—*Filing New Paragraph of Complaint.*—Where, after the jury has been empanelled in the second trial of a cause, an additional paragraph of complaint is filed, which introduces a new theory as to the cause of action, a verified application for a continuance, which shows that the defendant is unprepared with evidence to meet the allegations of the new paragraph, and that if time is allowed such evidence can be

adduced, should be granted, and the refusal to entertain such application is error.

From the Hendricks Circuit Court.

*L. B. Swift, E. G. Hogate* and *R. B. Blake,* for appellants.
*R. Hill* and *W. H. Martz,* for appellee.

ELLIOTT, J.—The appellee alleges in the first paragraph of his complaint that he was employed by the appellants to work in a planing-mill, as he might be directed by them; that he was fifteen years of age, and inexperienced in such work; that he was put to work upon a planing and moulding machine of many and varied parts, and while at work a sliver flew off from the plank he was putting through the planer and struck him in the eye, and destroyed it; " that there was great danger, and liability of being injured, to the person operating with and upon said planer and moulding machine, in the condition it then was, from splinters and slivers that were liable to and did break off of the lumber which the plaintiff was directed to dress and plane ; " that the plaintiff was ignorant of the danger, but the defendants knew of it and did not inform him.

The appellants unsuccessfully moved the court to make the averment of the pleading concerning the planer more specific. We think that there was no error in overruling this motion. The theory of the pleading is, that the defendants negligently set the plaintiff at work upon machinery known to them to be dangerous, but of which danger the plaintiff was ignorant. The complaint does not proceed on the theory that the machinery was negligently suffered to become dangerous for the lack of repair or the like, but on the theory that it was an actionable wrong to put a young and inexperienced boy at work upon a dangerous machine without giving him warning of the danger. It was not necessary, therefore, to do more than aver that there was danger in operating the machine, and that it was dangerous in the particular which caused the injury. This was done when it was averred that

it was dangerous because of the liability of slivers and splinters to fly off and injure the person operating it.

After the jury had been empanelled the appellee filed a second paragraph of complaint. To the filing of this paragraph the defendants objected, and one of them filed an affidavit wherein it was stated : " The filing of the second paragraph of the complaint has prejudiced the defendants in the preparation of this cause for trial, in that they have not made any sufficient preparation to meet the testimony that may be adduced under said paragraph tending to show that there was any fault or imperfection in the original construction of the machine therein mentioned, or of any of the parts thereof, on account of its not being sufficiently guarded to prevent splinters from flying through the same, and that if time is allowed they can and will bring it into court for the inspection of the jury."

On this affidavit a continuance was asked. The court erred in overruling this motion.

We have seen that the first paragraph proceeds on the theory that the machine was intrinsically dangerous. The second paragraph avers that the machine " was not in good and safe condition, nor was the same properly guarded to prevent the escape of chips, slivers and splinters," and that, " by reason of said defective condition of said planer, a sliver was thrown from it into the eye of the plaintiff." There is an essential difference between the two paragraphs, for the second relies upon the defective condition of the planer as the cause of action. The case had once been tried in the Marion Superior Court upon the first paragraph of the complaint, and a verdict in the appellee's favor set aside. A change of venue was then taken to the Hendricks Circuit Court, and it was after the jury was empanelled on the second trial that the second paragraph of the complaint was filed. Under these circumstances a continuance should have been granted.

Judgment reversed.

Filed May 18, 1888; petition for a rehearing overruled Oct. 11, 1888.