## SARAH GLOVER *vs.* DWIGHT MANUFACTURING COMPANY.

Hampden.    September 25, 1888. — November 28, 1888.

Present : MORTON, C. J., FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Master and Servant — Negligence — Instructions as to Dangerous Machinery — Due Care — View by Jury.*

A girl, thirteen years of age, was set to work upon a spinning frame, and, while attempting to clean a wheel at the end of it, caught a finger between a spoke and the end of the frame, and was injured. At the trial of an action to recover for such injuries, she testified that the proper way to clean the wheel was to wipe one spoke at a time, the spokes being brought successively into position by a partial revolution of the wheel each time, effected by means of a

peculiar movement of the shipper above the frame; that she had never been instructed how to clean the wheel, or how to give this movement to the shipper; that she had never before attempted to clean a wheel when the power was on; that she knew that the wheel must be still in order to clean it; that she attempted to clean it by doing as she had seen other operatives do; that, after wiping one spoke, she gave the wheel a motion, as she had seen them do, supposing that it would partially revolve and leave the next spoke in position to be wiped; and that while it was in motion she tried to pick off some waste, but the wheel went faster and farther than she expected, and her finger was caught between the spoke and the frame. The jury viewed the premises, and the plaintiff's testimony was directly contradicted. *Held*, that the case was properly submitted to the jury.

TORT. The last count of the declaration was as follows: "And the plaintiff says that she was in the employ of the defendant; that it was the duty of the defendant to give her sufficient instructions how to properly perform her duties as such employee; that it was the duty of the defendant to give her sufficient notice of the dangers and perils incident to her duties as such employee; that the defendant had reason to know of such perils and dangers; that the defendant failed to give her such instructions and such notice, whereby the plaintiff, while in the exercise of due care and diligence, was injured, and suffered great hurt of body and anguish of mind."

At the trial in the Superior Court, before *Brigham*, C. J., the plaintiff testified that she was thirteen years old when she began work in the defendant's mill; that her work was upon spinning frames, and her duties were "to piece up ends," "keep the roping in," and "to clean up"; that she was injured while attempting to clean a wheel at the end of the spinning frame, by catching her finger between one of the spokes of the wheel and the end of the frame; that the accident happened after she had been in the defendant's employment for four weeks, and when for the first time she tried to clean the machine when the power was on; that she was attempting to clean the wheel by doing as she had seen the other help do; that the proper way to clean the wheel was to wipe one spoke at a time with a piece of waste, and in order to bring the spokes into position to be wiped, it was necessary to give the wheel a partial revolution each time, by means of a peculiar movement of the shipper above the frame; that she had never been told how to clean the wheel upon which she was hurt, and

had never been instructed how to give this peculiar motion to the shipper in order to secure a partial revolution of the wheel; that all she knew about it was what she had seen other girls do; that she knew no other way by which to clean the machine than the way she tried; that she supposed that by giving the wheel a partial revolution it would stop and leave the spoke in proper position to be wiped; that she tried to start the wheel a little bit, but it went too fast and too far; and that she knew the wheel must be still to wipe it, and thought she could get off a little piece of waste while the wheel was going.

On cross-examination, the plaintiff testified that she had been with a girl named Maggie Coulter for a week and a half to learn how to run a spinning frame; that she was then given a frame to run by the second hand of the room, then two frames, and afterwards, before the accident, three frames; that she knew that a part of her work consisted in cleaning the machines, which involved stopping and starting them, that she knew the machines were never cleaned when they were running, and that there was no trouble in cleaning them when they were still; that just before the accident she had taken a piece of waste in her hand to wipe the spokes of the wheel; that she stopped the wheel, wiped one of the spokes, and started up the wheel to bring another spoke into position to be wiped; that there was a bit of waste on the spoke, and she tried to pick it off after the wheel started to revolve, thinking she could do it while the wheel was in motion; that she touched the spoke and her finger was caught; and that she had stopped and started her frames a good many times, and had cleaned them all partially, but had never tried to clean the wheel upon which she was hurt until the day she was injured.

Maggie Coulter and the second hand testified that the plaintiff was given full and accurate instructions how to do all parts of the work required of her, including cleaning the machines and stopping and starting them; that the plaintiff was a very bright girl, and did her work correctly and well; and that the plaintiff was repeatedly told not to touch any part of the machinery while it was in motion for the purpose of cleaning it.

The jury viewed the premises.

Upon this evidence the judge refused to rule that the plaintiff could not maintain her action, and submitted the case to the

jury.   The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

The case was argued at the bar in September, 1888, and afterwards was submitted on the briefs to all the judges.

*W. W. McClench*, for the defendant.

*J. B. Carroll*, for the plaintiff.

MORTON, C. J.   At the trial the plaintiff relied upon the last count in her declaration, in which she alleges that she was injured by the negligence of the defendant in not giving her proper instructions as to starting, stopping, and cleaning the machine upon which she was set to work.   The duty of an employer to take proper precautions for the safety of a person employed in running or tending machinery, and, where such person is young and inexperienced, to give him proper instructions so as to enable him to understand and appreciate the danger attending his employment, is fully considered in *Coombs* v. *New Bedford Cordage Co.* 102 Mass. 572.

In the case at bar, the plaintiff, a girl of thirteen years of age, was set to work upon spinning frames, her duty being to piece up ends, to keep the roping in, and to clean up.   In attempting to clean a wheel at the end of the spinning frame, her finger was caught between a spoke of the wheel and the end of the frame, and she was injured.   She testified that she had never been told how to clean the wheel, but attempted to clean it by doing as she had seen the other help do ; that she had never before attempted to clean a wheel when the speed was on ; that "the proper way to clean the wheel was to wipe one spoke at a time with a piece of waste, and, in order to bring the spokes into position to be wiped, it was necessary to give the wheel a partial revolution each time by means of a peculiar movement of the shipper above the frame " ; and that " she had never been instructed how to give this peculiar motion to the shipper in order to secure a partial revolution of the wheel."

The jury viewed the premises, thus gaining a clear knowledge of the character of the machinery, and, if they believed the plaintiff, were justified in finding that the defendant was guilty of negligence in setting the plaintiff to work upon dangerous machinery without giving her proper instructions.   It is true that the plaintiff was directly contradicted by witnesses called

by the defendant, but it is peculiarly within the province of the jury to judge between conflicting witnesses, and we cannot say, as matter of law, that they should believe one witness rather than another. They believed the plaintiff, and found that the defendant was negligent in failing to give her proper instructions as to managing the machine.

But the defendant contends that, if this be so, yet the plaintiff has not proved that her injury was caused by such failure to instruct her. She testified that she knew that the wheel must be still in order to wipe it; that, after wiping one spoke, she gave the wheel a motion, as she had observed the other girls do, supposing that it would give it a partial revolution, and that it would stop and leave the next spoke in proper position to be wiped; that while it was in motion she attempted to pick off a little piece of waste; and that it went faster and farther than she expected, and caught her finger between the spoke and the frame. Upon her evidence, it was competent for the jury to find that the injury was caused by the defendant's negligence. They may have been satisfied that, if she had been properly instructed how to give the peculiar motion of the shipper which would produce a partial revolution, the accident would not have happened. It is not an unreasonable presumption, that, if she had known how to give this peculiar motion, she would have done so, and the accident could not have happened.

The defendant also contends that the plaintiff was not in the exercise of due care. She must show that she exercised such care and prudence as can reasonably be expected of a girl of her age and capacity. *Plumley* v. *Birge*, 124 Mass. 57. We cannot say that she knowingly or recklessly put herself in a position of danger. If she believed that she had given a motion to the wheel which would cause only a partial revolution, there was no apparent danger or conscious imprudence in attempting to pick off a piece of waste from the spoke. It was for the jury to decide how far they believed her, and whether or not she was in the exercise of due care. We must assume that the case was submitted to the jury with all proper instructions, and we cannot say, as matter of law, that their verdict was not justifiable.

For these reasons, a majority of the court is of opinion that the exceptions should be overruled.     *Exceptions overruled.*