# Williams *v.* South & North Ala. Railroad Co.

*Action for Damages by Father, for Personal Injuries causing Death of Minor Son.*

1. *Right of action for injuries causing death.*—Under the statute defining the liability of the master (or employer) for injuries to the servant (or employee) while in the service (Code, § § 2590–91), the right of action for injuries which result in death is given only to the personal representative of the decedent; but a right of action is given to the father by another statute (§ 2588), when the death of his minor child is caused by the wrongful act, omission, or negligence of any person or corporation.

2. *Contributory negligence; when overcome by want of ordinary care.*—Contributory negligence on the part of the person injured, while employed as a brakeman on a railroad, is a defense to an action for damages, unless the evidence further shows that, after his peril was discovered, or ought to have been discovered, the injury might have been avoided by the exercise of due care and diligence on the part of the engineer.

3. *Contributory negligence of father or minor son.*—When the father sues to recover damages for the death of his minor son, who was killed while in the employment of the defendant railroad company as a brakeman, without his consent, the contributory negligence of the minor is no defense to the action, though it might be available as a defense to an action by the minor himself, if death had not ensued from the injuries; but, if the father consented, expressly or by implication, to the employment of the minor in the service, the contrbutory negligence of the minor is imputed to the father, and defeats his right of action.

4. *" Kicking switches," as negligence.*—The use of "kicking switches," or "running switches," in detaching and propelling cars, can not be said to constitute negligence, as "they seem to be in general use by well regulated railroads;" but there may be negligence in connection with their use, by failing to instruct a young and inexperienced brakeman as to the attendant danger.

5. *Measure of damages.*—The damages recoverable by the father, in a statutory action for injuries resulting in the death of his minor son (Code, § 2588), are compensatory only, and not punitive.

APPEAL from the Circuit Court of Chilton.

Tried before the Hon. JAMES R. DOWDELL.

This action was brought by Thos. H. Williams, against the defendant railroad corporation, to recover damages for the death of his minor son, Robert. L. Williams, who was killed while in the defendant's service as a brakeman; and was commenced on the 6th February, 1888. The complaint contained five counts, the first of which was founded on the

statute which gives the father an action for damages, when the death of his minor child "is caused by the wrongful act, or omission, or negligence of any person or persons, or corporation, his or their servants or agents" (Code, § 2588); and this count averred that the minor was in the employment of the defendant corporation without the consent of the plaintiff. The other counts seem to be based on the "employer's act" (Code, § 2590–91), and each averred that the minor was in the employment of the railroad company, but did not negative the father's consent. The defendant pleaded not guilty, and contributory negligence on the part of the minor; and issue was joined on both of these pleas. The evidence on the trial showed that the accident occurred at Calera, in Shelby county, on the 22d September, 1887; that the deceased was a youth of about nineteen or twenty years of age, and was making his first trip on the road as a brakeman, though he had been before "working as a *cub* for the purpose of learning the work and duties of a brakeman;" that it was necessary to detach and transfer some cars at Calera, and he was put in one of the cars by the conductor, with orders to brake it when detached; that the cars were detached from the engine by a "running switch," or "kicking switch," in the usual way, the engine being detached from them, and pushing them backward to the desired point, when it was reversed, and gradually moved forward; that the deceased, when he saw the engine drawing away from his car, ran forward, and attempted to jump into the tender, but fell between it and the car, was run over and killed. On these facts, the court gave the general charge in favor of the defendant, and refused a special charge requested by the plaintiff, which is set out in the opinion. The charge given, and the refusal of the charge asked, are now assigned as error.

WM. A. COLLIER, and WM. S. THORINGTON, for appellant.

J. M. FALKNER, *contra*.

COLEMAN, J.—The liability of the defendant for the wrongful injury or death of one of its employès, caused by the wrongful act of a co-employè, results solely from statutory enactments. The cases in which a recovery may be maintained, are stated under section 2590 of the Code. When death results from such causes as fix a liability upon the employer, the statute provides that the personal representative of the deceased may sue, and the amount recovered " shall be distributed according to the statute of distributions." It will be

seen by a reference to the statute, that the right of action in such cases is given only to the personal representative.

The second, third, fourth and fifth counts of the complaint do not negative that the employment was with the father's consent; and these counts are evidently founded upon the supposed liability of the defendant under the employer's act. The father can not maintain the action to recover under the employer's act.—*Lovell v. DeBardeleben Coal Co.*, 90 Ala. 13; 7 So. Rep. 757; *Stewart v. L. & N. R. R. Co.*, 83 Ala. 493. As he can not recover on these counts, under any state of the evidence, there was no error in giving the general charge in favor of the defendant, of which plaintiff can complain, so far as it denied his recovery on these counts.

The plaintiff asked the court to charge the jury, that " although the jury should believe from the evidence that the deceased was guilty of negligence in jumping from the car to the engine, and thereby placed himself in peril; yet, if they further believe that, after he was in peril, the engineer knew, or might have known by the exercise of due care or diligence, that Williams was in such condition of peril, and could have then by the exercise of due care prevented the injury which caused Williams' death, and failed to do so, then the defendant, if the jury believe the other evidence, is liable in this action."

The correctness of the principle of law asserted in this charge has been too often recognized by this court to require further consideration. A principle of law, however, may be correct as an abstract proposition, and yet not applicable in all cases. The bill of exceptions states, that the evidence was in conflict as to whether decedent was over or under twenty-one years of age. The charge should have been predicated on the further finding of the jury, that decedent was a minor, for, unless the jury found that decedent was a minor, the father was not authorized to maintain the action, under any count in the complaint. The charge was objectionable, also, for the further reason, that it authorized a recovery upon the counts under which the facts averred showed that the personal representative alone was entitled to recover.

At the request of the defendant, the court gave the general charge, "that if the jury believe the evidence, to find for the defendant." The correctness of this charge involves the inquiry whether any count of the complaint, if sustained by proof, entitled plaintiff to recover; and if so, was there any evidence before the jury, which tended to sustain such count of the complaint.

Code, § 2588, provides as follows: "When the death of a

minor child is caused by the wrongful act, or omission, or negligence of any person, or persons, or corporation, his or their servants, or agents, the father may sue, and recover such damages as the jury may assess." The principle of law which subjects a defendant to damages for the death of a minor child at the suit of the father, as provided in this section, rests upon a different foundation altogether from that declared under the employer's act. If the father, expressly, or impliedly, consents that his minor child enter the employment of another, and he is injured by the negligence of a co-employè, he thereby subjects himself to the limitations and privileges of the employer's act, which prescribes the condition upon which a recovery may be had for an injury caused by the wrong or negligence of a co-employè. Where, however, a minor child is employed without the knowledge or consent of the father, upon whom the law devolves the duty of his care and protection, and is injured by the wrong and negligence of the defendant's servants or agents, the right to sue and recover for the injury is not limited and conditioned by the provisions of the employer's act.

After a minor has passed the age of responsible intelligence, it may be that the minor, as between himself and his employer, assumes the risk incident to his employment; but the assumption of such risk by the minor, without the knowledge, and against the consent of the father, will not furnish a defense, in all cases, to the right of action which the law gives the father against one whose wrongful act and interference has displaced and removed the rightful authority of the father. It would be against reason and every principle of justice to permit one to employ a minor in a hazardous business without the knowledge of his father, and hold the father responsible for the contributory negligence of his minor son who is fatally injured while endeavoring to execute the order of his employer.—4 Amer. & Eng. Encyc. of Law, p. 85, § 38. A father's rightful control of his minor children can be interfered with only with a "trembling hand."—64 Ala. 309.

At common law, the father could sue for and recover damages for an injury not resulting in death wrongfully done to his minor son. The damages were to compensate him for the loss of services. If death resulted, the action was not maintainable.—*Stewart v. L. & N. R. R. Co.*, 83 Ala. 493; *Louisville R. R. Co. v. Goodykoontz*, 12 Am. St. Rep. 371; 119 Ind. 111. The statute, section 2588, confers the right of action on the father, although death may have resulted. Section 2589 of the Code gives the right of action to the personal representative, in cases where the decedent could have sued and recov-

[Williams v. South & North Ala. Railroad Co.]

ered, had the injury not resulted in death. The right of the father is not restricted, in express terms, to the limitation contained in section 2589. We hold that, under section 2588 of the Code, the father may recover in all cases where at common law he might have recovered if the injury had not resulted in death, and the purpose of this statute was to give the father the right of action, although death resulted from the injury.

Every wrong or negligence which subjects the guilty party to damages, involves a breach of duty enjoined either by law or contract. Contributory negligence rests upon the same principle of law. An injured person, guilty of contributory negligence, is not permitted to recover, for the reason that he has been guilty also of a breach of the duty he owed to the other party, and no one ought to profit by his own wrong or neglect. The doctrine of imputable negligence, in many respects, is the same as contributory negligence. It usually arises from the relation of parties engaged in a common enterprise, or from that of principal and agent, master and servant, or parent and child; and where the personal injury occurred while acting under instructions of a superior, and within the line of instructions. A parent is charged with the duty of protecting his minor child, and if, by his want of care, the child is injured, the father may be guilty of contributory negligence, although the child, if suing, might not be, according to the facts. *Nesbit v. Town of Garner*, 75 Iowa, 314; 9 Amer. St. Rep. 486; *Ib.* St. Rep. 827; 116 Ind. 121; 83 Ala. 375; *Ib.* 525; 87 Ala. 610. Where the plaintiff has not been guilty of any breach of duty, and is wholly without fault, and has sustained an injury by the wrongful act of another, the principle of culpable, imputable negligence does not arise.—*Bazil Block Coal Co. v. Gaffney*, 12 Amer. St. Rep. 422; 119 Ind. 455.

If the father hires his minor son to perform a safe business, and directs him to obey his employer, and the employer, in disregard of his contract, puts the minor at a different and perilous employment, by which the child is injured, without doubt the employer is liable to the father, For the same, or a stronger reason, the employer must be liable, when he employs a minor to engage in the dangerous occupation of a brakeman on a train, without the knowledge and consent of the father, and the minor child is injured while attempting to execute the orders of his superior employé. If the proof should satisfy the jury that such were the facts, negligence of the child will not be imputed to the father. Neither would his right to recover depend upon the question as to whether the son could recover, if he were suing, or in case of his death, whether his administrator could recover, if the suit were under the employer's act, or section 2589 of the Code.

Whether the father consented, either expressly or impliedly, to the employment of his son as a brakeman, is a question for the jury under all the evidence. If he did, and his son was guilty of contributory negligence, the father would be held responsible for such contributory negligence.

Under the proof, we can not say the use of "kicking switches" is not permissible. They seem to be in general use by well regulated railroads.—*Davis v. L. & N. R. R. Co., ante,* p. 487; 8 So. Rep. 552; *Perry v. L. & N. R. Co.,* 8 So. Rep. 55. It is not permissible, however, to direct all who may be employed as brakemen, without reference to skill or experience, to perform any and every act that may fall within the line of a brakeman's duty. A duty devolves upon the employer to instruct his employès, and more especially if they are minors, and without experience in the duties and dangers of the business, before directing them to perform any duties attended with danger. Whether this was done, may be a question for the jury under all the evidence.—*Glover v. Dwight,* 148 Mass. 22; *Danly v. Scanlon,* 116 Ind. 8; 12 Amer. St. Rep. 512.

The first and last counts of the complaint aver that the decedent was a minor son of the plaintiff; that he was wrongfully employed by the defendant to perform the duties of a brakeman, without the knowledge and consent of plaintiff, and that while attempting to obey the orders of his superior in the performance of his duties as brakeman, he was injured and killed by the wrong and negligence of the defendant's agents or servants. These two counts show a good cause of action, and there was evidence tending to sustain the averments of these two counts. It was error to give the general charge for the defendant.

The damages recoverable by the father are compensatory, and not punitive.—*L. & N. R. R. Co. v. Orr, ante,* p. 548; 8 So. Rep. 363, and authorities cited.

Reversed and remanded.