### HEALEY v. HART BAGGING CO.

*(City Court of Brooklyn, General Term. June 22, 1891.)*

MASTER AND SERVANT—DANGEROUS MACHINERY—PROVINCE OF JURY.

    A servant, who was injured by the machine at which he was working, testified that the danger was not known to her, that the difficulty which caused the injury had never occurred before during her employment, and that she had received no instructions about the machine. Defendant's agent, who employed plaintiff, testified that he gave her full instructions. *Held*, that the case was properly submitted to the jury.

Appeal from trial term.

Action by Katie Healey, an infant, against the Hart Bagging Company. There was a judgment for plaintiff, and defendant appeals.

Argued before VAN WYCK and OSBORNE, JJ.

*Butler, Stillman & Hubbard*, for appellant. *C. J. Patterson*, for respondent.

VAN WYCK, J. The plaintiff sued the defendant to recover damages for personal injuries alleged to have been inflicted upon her through the negligence of defendant in placing her to work on a machine without instructing her in the dangers incident thereto. The jury rendered a verdict in her favor, and from the judgment entered thereupon, and from the order denying the motion for a new trial on the minutes, the defendant appeals. The defendant, at the close of the case on the part of both parties, moved to dismiss the complaint, on the grounds that no negligence of defendant and contributory negligence on the part of the plaintiff were shown. The defendant's exception to the refusal of the court to grant a nonsuit on these grounds is the only one presented for our consideration. To pass upon this exception, as well as upon the order denying motion for a new trial, compelled us to examine carefully and critically all the evidence in the case. We find that there is testimony in the case which, if true, shows that the plaintiff, a girl between 14 and 15 years of age, was put to work by defendant on a machine for carding jute butts into a kind of loose, light, or puffy yarn. The jute butts were fed in the back of the machine, and the yarn issued out in front thereof, in three places simultaneously, at the rate of 500 feet in a minute at each spout. Over each spout was a tin hood hiding from view of the girl two fluted rollers, moving with 250 revolutions per minute, and through which the slivers passed, and then from under the hood into a tin can, the top of which was only a few inches below the hood or roller. Plaintiff was put to work at pressing this sliver down in each of the three cans as fast as it issued out of the machine. While so at work, on the sixth day of her employment, the sliver overflowed the can in which she was pressing it, and caught in the roller, drawing or sucking her hand in behind the machine and roller, inflicting severe injury thereto. The agent of defendant who employed plaintiff, and whose duty it was to instruct her, says the overflowing of these cans was unavoidable, and of more than daily occurrence, and, on such occasions, the sliver would frequently be wound around the roller, and would likely pull the fingers in, and, if it started to pull them in, the person would not have time to throw the belt off. He says: "I knew of this danger of the girls' getting their hands drawn in. If I did not

warn that girl of the danger of it, I would be in fault." This agent of defendant affirms that he fully instructed the plaintiff in these dangers. The plaintiff says she was inexperienced with the working of machinery; that she was not aware of the existence of these fluted rollers; and that during her employment at this machine the sliver had never been caught around the roller; and that she received no instructions from this agent of defendant. Under these circumstances, in our opinion, it was the duty of the trial judge to submit the question of defendant's negligence and plaintiff's freedom from negligence to the jury. *Hickey* v. *Taaffe*, 105 N. Y. 26, 12 N. E. Rep. 286; *Finnerty* v. *Prentice*, 75 N. Y. 615. After careful consideration of all the evidence, we see no good reason for disturbing the verdict on any of the grounds recited in the order denying motion for a new trial. There is nothing in the appeal-book to identify a single remark used by plaintiff's counsel in summing up to the jury. This being so, how can we be called upon to declare that he in any way abused his privilege? Judgment and order must be affirmed, with costs.