### RYAN *v.* H. W. JOHNS MANUF'G CO.

*(City Court of Brooklyn, General Term.* April 25, 1892.)

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—OBVIOUS DANGERS OF MACHINE.
    A machine for grinding asbestos consisted of a barrel-shaped structure, containing a revolving spiked cylinder. The ground material was expelled through a lengthwise slit in the structure at intervals, by raising a door resting on a narrow sill, the door requiring to be tightly closed, which could not be done without cleaning off the sill. Plaintiff, a raw countryman, was assigned to this duty, was required to use his hand, and forbidden to use a stick for that purpose; was ignorant of the kind of machine in the cylinder; could not see it when the door was raised without stooping to the floor; and, after operating the machine three or four times, his hand was caught by the spikes, and his arm torn from his body. He was not informed of the close proximity of the spikes to the sill. *Held,* that the court erred in refusing to submit the case to the jury, on the ground of contributory negligence and obvious risks of the machine.

Appeal from trial term.

Action by John Ryan against the H. W. Johns Manufacturing Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before VAN WYCK and OSBORNE, JJ.

*Dailey & Bell*, for appellant. *C. C. Nadel*, for respondent.

VAN WYCK, J. This is an action to recover damages for personal injuries alleged to have been received through the negligence of defendant. At the close of plaintiff's case, a motion was made to nonsuit him on three grounds,—that defendant was not negligent, that plaintiff was negligent, and that the dangers of the machine causing the accident were so obvious and apparent that he assumed the risks thereof. The trial court granted the motion "on the ground that the dangers of the machine were open and apparent." Should the complaint have been dismissed on any of the three grounds? is the only question presented to this court. There is no conflict between counsel as to the rules of law governing such cases, but they seriously differ as to their application to the facts of this case. They both agree that if defendant was not negligent, or if the plaintiff was negligent, or if the dangers of the machine which produced the accident were so obvious and apparent to plaintiff, an employe of defendant, that he should have appreciated them, then the nonsuit was properly granted. This requires a careful consideration of the evidence, and inferences therefrom, tending to establish the reverse of each of these three propositions, rather than the citation of the innumerable cases that have been before our courts where the application of these now well-settled principles has been involved. Negligence is a failure to exercise that degree of care which persons of ordinary experience and prudence ought to exercise under similar circumstances. Did the defendant use such care towards the plaintiff? and did the plaintiff use such care in the performance of his work? are questions calling for a critical examination of the circumstances of this case. Were the dangers of this machine so obvious and apparent that a reasonably careful person should have appreciated them? also rests upon the same circumstances. There is testimony which, if true, tends to show that plaintiff, a young man of 17 years, was employed by defendant for a period of about five weeks preceding the accident. For three weeks he was engaged molding with his hands asbestos pipe covering; then, for two weeks, in the department of the business in which the machine in question was occasionally used. The machine ground two kinds of materials, asbestos being a part of each. The machine was a closed, barrel-shaped structure, from three to four feet in diameter, in which there was a revolving cylinder, with projecting spikes run by steam, and making 400 revolutions per minute. To one side of the barrel, near the top, was attached a box-formed table bed, leading to an aperture therein, on which was placed the crude material, to be shoved in by the aid of a hoe. On the other side of the barrel was an opening, through which the worked material was thrown out by the rotary motion. There was a shutter to this opening, which conformed to the shape of the barrel, and hung thereto by hinges, and raised upwards when open, and, when closed, the lower edge of the shutter rested on a sill only three or four inches wide, and quite near the floor. The machine was fed in one room, and discharged in another. Plaintiff had no experience or familiarity with machinery, except such as he acquired in defendant's place. He had been engaged chiefly in farm work. His first experience with machinery was when he was put to work by defendant on this machine about eight days before the accident, and, prior to that, he was only engaged on it three or four times, of about an hour each. It was not in constant use. When he was grinding this kind of material he was directed not to raise the door more than two or three inches from time to time to let the same out, and then to close it, but, in order to do so tightly, the sill upon

which it rested had to be cleared of the matter gathering upon it while the shutter was so raised. He was instructed by the defendant to clean it off by putting his hand in this aperture of two or three inches between the lower edge of the shutter and the sill, and sliding his naked hand over the sill, and was prohibited by defendant from using a stick for the purpose. This was the only instruction given him. He was not informed of the close proximity of the revolving spikes to the sill, had never seen the spikes, and could not see them through the opening he was directed to make by raising the door three inches, and could not have looked through it without getting down on the floor in a stooping position, and then looking upwards, and, if he had even done this, a blinding storm of asbestos sawdust would have concealed the spikes. He had no thought of the danger of wiping off this sill, as he was directed to do, not knowing of the nearness of the revolving spikes to it, and thinking there was no danger of anything being drawn in there, as he had only seen things expelled through that aperture. This plaintiff, while using his hand at the place, in the manner and for the purpose the defendant directed and instructed him to do, without being informed of the dangers of doing so, or of the close proximity of the revolving spikes to his hand, while so wiping off this sill, either by defendant or his own observation or experience, had his fingers caught by the spikes, drawing his arm therein, which was in an instant wrenched from his body. In reviewing this evidence, we have assumed the verity thereof, and drawn such reasonable inferences therefrom as were most favorable to plaintiff. Of course, he must have known that there was some moving machinery or contrivance in the barrel of the structure which ground up the asbestos, but we do not think this circumstance was sufficient, in itself, to make, as a matter of law, the dangers from the, to him unknown, near proximity of the spikes to his hand while in the place and use he was directed to put it, so obvious and apparent that he should have appreciated them, and thereby assumed the risks thereof. In our opinion, the three questions constituting the grounds of the motion for nonsuit should have been submitted to the jury to. say whether or not the defendant was negligent, and the plaintiff free from negligence, and whether the dangers were obvious and apparent risks incident to his employment. Judgment must be reversed, and a new trial ordered, with costs to abide the event.