OWENS v. ERNST et al.

(City Court of Brooklyn, General Term.   December 27, 1892.)

MASTER AND SERVANT—INSTRUCTING SERVANT AS TO DANGEROUS WORK.

  A 15-year old girl was employed in defendants' laundry to feed an ironing machine run by steam, which consisted of a system of small rollers covered with muslin coming in contact with a large, heated, iron cylinder. After being thus engaged for two weeks, she was instructed by defendants' foreman to smooth out the wrinkles in the muslin-covered rollers, and he showed her how, by pressing his finger over a roller while in motion at its ordinary speed. *Held,* that defendants were liable for an injury to the girl's hand, which stuck to the roller, owing to a combination of starch, heat, and dampness, and which was drawn in upon the hot cylinder, as it was the foreman's duty to warn the girl against the danger.

Appeal from trial term.

Action by Laura E. Owens, an infant, against John H. Ernst and Henry D. Reissenbuttels for personal injuries. There was a verdict in plaintiff's favor, and defendants appeal. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

C. C. Nadal, for appellants.

Thomas E. Pearsall, for respondent.

VAN WYCK, J.    In the defendants' laundry was a mangle or iron-ing machine, run by steam.    The mangle consists of a system of small rollers covered with muslin, coming in contact with a large, iron, heated cylinder.    The clothes are fed in front of the machine, passing between these small rollers and cylinder, which dries and irons the clothes.    The plaintiff, a girl of 15 years, was employed by defendants, and was en-gaged for the two weeks preceding the date of the accident in receiving the clothes as they passed out of the machine, ironed.    On the day of the accident she was told by the foreman in charge of the business that she must smooth out any wrinkles that came in the muslin covering of the rollers.    She told him she could not do it, as she did not know how, when he informed her that, if she did not, he would get some one who could, and proceeded to show her how to do it, viz., he smoothed the wrinkle out by pressing his fingers over the wrinkled roller while it was moving at the usual speed.    This, she testifies, was the only instruc-tion given her.    The testimony shows that by a combination of starch, heat, and dampness there was a strong tendency for the fingers to stick to the rollers, and to be drawn in between the rollers and the hot cylin-der.    This foreman says he knew it was dangerous for any one to put the hand on the moving roller, as it would go in and stick against the cylinder, and that no one should be instructed to smooth the wrinkles while the roller was in motion.    This plaintiff says the foreman not only failed to give her the proper instructions, but actually gave her the wrong instructions, and in her first effort to follow his command and erroneous instructions her fingers stuck to the rollers, and were drawn in upon the hot cylinder, and were so lacerated that amputation thereof became nec-essary.    The jury believed her story, and gave her a verdict for $2,500. We think the trial court properly denied the motion to dismiss the com-plaint.    1 Shear. & R. Neg. (4th Ed.) § 203; Healey v. Bagging Co., (City Ct. Brook.) 14 N. Y. Supp. 934; Ryan v. H. W. Johns Manuf'g Co., (City Ct. Brook.) 18 N. Y. Supp. 754; Grizzle v. Frost, 3 Fost. & F. 623.    We have carefully examined the testimony in this case, and do not think the verdict is against the weight of evidence, and, further, we do not think that error can be predicated upon the other exceptions called to our attention by appellants' counsel.

Judgment and order must be affirmed, with costs.