ANNIE DAY, *p. a., vs.* CHARLES ACHRON.

PROVIDENCE—JULY 14, 1898.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Master and Servant. Negligence. Assumed Risks.*

Plaintiff, a minor, had worked on a mangle in a laundry once or twice a week for six or eight weeks prior to the accident. She testified that she knew if her fingers were caught they would be burned and crushed, and that if she kept the tips of her fingers down until they were between the steam box and roller they would be drawn in and crushed :—

*Held,* that the testimony showed that plaintiff knew of the danger and how to avoid it, and hence she assumed the chances of injury from an obvious danger.

TRESPASS ON THE CASE for negligence. Heard on petition of defendant for new trial, and judgment for defendant.

(1)     PER CURIAM. The plaintiff had worked on the machine by which she was injured, once or twice a week for six or eight weeks prior to the accident. She testifies that she knew that if her fingers were caught they would be burned and crushed, and she also knew that if she kept the tips of her fingers down until they were between the steam box and roller that they would be drawn in and crushed. This testimony shows that the plaintiff knew of the danger and how to avoid it ; and the opinion of a majority of the court therefore is that she must be held to have taken the chances of injury from an obvious danger, and that the case is within *Kelley* v. *Silver Spring Co.,* 12 R. I. 112.

The verdict is therefore against the evidence, and must be set aside.

The case is remitted to the Common Pleas Division, with direction *to* enter judgment for the defendant for costs.

TILLINGHAST, J. (Dissenting.) I cannot assent to this opinion. The plaintiff, who was only sixteen years of age, was employed in the latter part of April, 1897, by the defendant, to work in a laundry. At first she was directed to run a sleeve-ironer, which, according to her testimony, was the work she was hired to do. Subsequently she was occasionally directed to run a machine called a mangle, which she did a few times, for brief periods—an hour or so at a time—and on the 18th day of June, 1897, she was seriously injured by having her hand drawn into and crushed by said machine. The function of the mangle is to dry the linen. It resembles in some respects a large wringer, and operates with a roller—a large padded cylinder—revolving in connection with a steam chest. The steam chest is heated to iron out and dry the linen as it goes through the machine. In putting a damp towel into

the mangle and attempting to smooth the wrinkles from the towel, as directed, plaintiff's hand was caught and drawn in as aforesaid.

There was no feed-guard on said machine, as there should have been, and nothing to prevent plaintiff's hand from being drawn in if, in smoothing the towel with the roller in motion—which was the customary way—she happened to let her fingers get too near the roller. The proof shows that the plaintiff was a careful and obedient girl, and she testifies that she was exercising due care at the time of the accident. She also testifies that no instructions had been given her concerning the mangle or how to run the same, except that she was directed to watch the other girls and do as they did.

In view of these facts it was for the jury to say whether the plaintiff was guilty of contributory negligence, and also whether she understood and appreciated the danger connected with the use of said machine. It cannot be said as a matter of law that a child of sixteen years of age, although of ordinary intelligence, fully realizes and appreciates the extent of even visible dangers ; and hence the question whether he does or does not in a given case is one of fact for the jury, in view of all the circumstances. Wood's Law of Master and Servant, § 350. Moreover, as held in *Coombs* v. *Cordage Co.*, 102 Mass. 596, the notice which the defendant was bound to give the plaintiff of the nature of the risks incident to the service which she undertook must be such as to enable a person of her age and experience in the business intelligently to appreciate the danger attending its performance. *Honlahan* v. *File Co.*, 17 R. I. 141, adopts the same doctrine.

In Bailey on Master and Servant, page 112, the learned author, in speaking of the duties of the master, says : "The obligation is not discharged by informing the servant generally that the service in which he is engaged is dangerous ; and more especially is this so when the servant is a person who neither by experience nor by education has, or would be likely to have, any knowledge of the perils of the business, either latent or patent.

"In such case the servant should be informed not only

that the service is dangerous, but of the perils of a particular place, and the particular or peculiar dangers that attend the service, if any." To the same effect are *Glover* v. *Mfg. Co.*, 148 Mass. 22 ; *Ciriack* v. *Woolen Co.*, 151 Mass. 152 ; 2 Jaggard on Torts, 990 ; *Biscuit Co.* v. *Rouss*, 74 Fed. Rep. 608 ; *Grizzle* v. *Frost*, 3 Fost. & Fin. 622 ; *Kaillen* v. *Bedding Co.*, 46 Minn. 187 ; *Dowling* v. *Allen & Co.*, 74 Mo. 12.

In the case at bar the jury must have found that the defendant was guilty of negligence in not properly instructing the plaintiff regarding the dangers connected with the running of said machine, and also that the plaintiff was free from contributory negligence, These were clearly questions of fact for the jury to decide ; and as there is, in my judgment, sufficient evidence to sustain the finding, I think the verdict should stand. See the very similar case of *Owens* v. *Ernst*, 21 N. Y. Supp. 426.

With all due respect to the opinion of my learned associates, therefore, I cannot agree to their opinion.

*Page & Page*, for plaintiff.

*Cooke & Angell*, for defendant.