# Bube *v.* Birmingham Railway, Light & Power Co.

*Action by Parent to recover Damages for Injuries to Minor Son.*

1. *Parent and child; parent can not recover punitive damages for injury to son.*—In an action by a parent, to recover damages for personal injuries received by a minor son, the plaintiff can not recover vindictive or punitive damages.

2. *Same; parent can not recover damages for mental suffering.* In such an action, a parent is not entitled to recover damages for mental suffering, on account of the personal injuries sustained by his child.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This action was brought by the appellant, George H. Bube, against the Birmingham Railway, Light & Power Company, to recover damages for personal injuries inflicted upon Jacob Bube, the minor son of the plaintiff, by the defendant.

The complaint contained two counts. The first count claimed $5,000 for the simple negligence of the defendant, in causing or allowing one of its street cars to run upon or drag said Jacob Bube, inflicting personal injuries, by reason of which the "plaintiff was put to great trouble, inconvenience and expense for medicine, medical attention, care and nursing in and about his efforts to heal and cure the wounds and injuries of said Jacob Bube, and plaintiff was deprived of the services and society of his said minor son," etc.

In the second count, it was alleged that the injuries complained of were "wantonly or intentionally caused" by the defendant.

The defendant pleaded the general issue and several special pleas, setting up the contributory negligence of the plaintiff's minor son.

During the trial of the case, and after the introduction of all the evidence, the court at the request of the plaintiff gave to the jury the following written charge: "If the jury find for plaintiff under the second count of the complaint, then they have the right in their sound discretion to award punitive damages, in addition to actual damages."

The defendant duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give each of the following charges requested by it: (1.) "I charge you that in case of this kind the plaintiff can not recover punitive or exemplary damages." (2.) "I charge you that in actions of this kind there can be no recovery of damages for mental pain of the father caused by an injury to his son."

The jury returned a verdict assessing the plaintiff's damages at $750, and judgment was rendered accordingly, in favor of the plaintiff. Thereafter the defendant

made a motion for a new trial upon the following grounds: (1.) "For that the court erred in charging the jury that the plaintiff might recover punitive or exemplary damages against defendant." (2.) "For that the court erred in refusing to give this charge to the jury, which was requested by the defendant in writing: 'I charge you that in a case of this kind the plaintiff can not recover punitive or exemplary damages'." (3.) "For that the court erred in refusing to give this charge to the jury, which was requested by the defendant in writing: 'I charge you that in actions of this kind there can be no recovery of damages for mental pain of the father caused by an injury to his son'." (4.) "For that the court erred in giving to the jury at the written request of the plaintiff the following charge: 'If the jury find for the plaintiff under the second count of the complaint, then they have the right in their sound discretion to award punitive damages in addition to actual damages'."

Upon the hearing of this motion, the court granted said motion and set aside the verdict and judgment and ordered a new trial. To the rendition of this judgment the plaintiff duly excepted. From the judgment granting the defendant's motion for a new trial, the plaintiff appeals and assigns the rendition thereof as error.

BOWMAN, HARSH & BEDDOW, for appellant.—Where personal injuries have been inflicted wantonly or intentionally upon a minor child, the parent in an action to recover damages for such injury, may recover punitive or vindictive damages.—*A. G. S. R. R. Co. v. Sellers,* 93 Ala. 9; *Parker v. Wise,* 27 Ala. 480; *Trimble v. Spiller,* 18 Am. Dec. 189; *Klingman v. Holmes,* 54 Mo. 304; *Magee v. Holland,* 3 Dutch. 86.

In an action by a parent to recover damages for personal injuries to a minor child, the plaintiff is entitled to recover damages for mental suffering. Such pain to the father is a natural and proximate consequence and a thing to be expected from infliction of an injury upon his child, that one would hardly expect to see an enlightened court deny the doctrine.—Watson Damages, Personal Injuries, 514, 516; *Trimble v. Spiller,* 7 T. B. Mon.

[Bube v. Birmingham Railway, Light & Power Co.]

394; *W. U. T. Co. v. Frith,* 58 S. W. Rep. 118; *W. U. T. Co. v. Robinson,* 34 L. R. A. 431; *Durkee v. B. Railway Co.,* 56 Cal. 388.

WALKER, TILLMAN, CAMPBELL & WALKER, *contra.* Punitive or exemplary damages are not recoverable in an action brought by a parent for loss of a minor child's services resulting from a wrongful injury to that child. The form of the action is *"per quod servitum amisit,"* and has its origin in the common law idea that the parent is entitled to the child's services during its minority. The parent recovers, not for the injury inflicted upon the child, but for the loss of the child's services resulting from that injury.—*Pratt C. & I. Co. v. Brawler,* 83 Ala. 374; *Cowden v. Wright,* 35 Am. Dec. 633. The Alabama court has expressly decided that the damages recoverable by parent for loss of services resulting from a wrongful injury to the child are purely and solely compensatory, in the cases of *Williams v. S. & N. Ala. R. R. Co.,* 91 Ala. 638; *Stewart v. L. & N. R. R. Co.,* 83 Ala. 493. See also *L. & N. R. R. Co. v. Goodykroontz,* 12 Am. St. Rep. 371; *Black v. Carroll R. R. Co.,* 63 Am. Dec. 586; *Cowden v. Wright,* 35 Am. Dec. 633; *Penn. R. Co. v. Kelly,* 31 Pa. St. 372; 8 Amer. & Eng. Encyc. of Law, 924, 910.

The parent can not recover for mental distress and anxiety on account of injuries sustained by his minor child. This principle is as well settled as the one we have already discussed, and the same reasons for that rule apply to this one. The measure of damages being purely compensatory, recovery can not be had for injuries which are speculative, uncertain and fanciful as mental pain and anguish. To allow this kind of damage would defeat the very object of the rule which denies punitive or exemplary damages. Damages for mental pain and anguish not being measurable by any fixed and definite rule, the jury would be allowed to assess whatever amount they pleased.—*Black v. Carrollton R. R. Co.,* 63 Am. Dec. 588; *Fox v. Oakland St. R. Co.,* 62 Am. St. Rep. 216; *Pierce v. Conners,* 46 Am. St. Rep. 279; *Morgan v. So. Pac. R. R. Co.,* 29 Am. St. Rep. 143; *Chi-*

*cago v. Major,* 68 Am. Dec. 553; *Ohio & Miss. R. Co. v. Tindall,* 74 Am. Dec. 259; *State v. B. & O. R. R. Co.,* 87 Am. Dec. 600; *Chicago R. Co. v. Swett,* 92 Am. Dec. 206; *Potter v. Chicago R. Co.* 94 Am. Dec. 548; *Agr. Assn. v. State,* 17 Am. St. Rep. 507; *Texas & Pac. R. Co. v. Brick,* 29 Am. St. Rep. 675; *Dwyer v. Chicago R. Co.,* 35 Am. St. Rep. 323; *McHugh v. Schlosser,* 39 Am. St. Rep. 699.

DOWDELL, J.—This is a suit by George H. Bube, appellant, to recover damages for injuries received by his son, a minor. The plaintiff recovered a verdict, which upon motion of the defendant was set aside, and to which action of the court in setting aside the verdict and granting a new trial the plaintiff excepted, and now prosecutes this appeal to review said ruling.

The motion for a new trial contained four grounds, but only two questions are argued by counsel, and here presented for consideration, viz.: First, In an action of this kind by the father, can punitive damages be recovered? Second, can a recovery be had for mental suffering by the father?

It is a well recognized principle at common law, that the right of action in the father in such a case, is based upon the idea of loss of service of the minor to the father, and the damages are compensatory, including, of course, nursing, medical expenses, and the like. In *Williams v. South & North Ala. R. R. Co.,* 91 Ala. 638, it was said: "At common law the father could sue for and recover damages for an injury not resulting in death wrongfully done his minor son. The damages were to compensate him for the loss of services. If death resulted, the action was not maintainable."—Citing *Stewart v. L. & N. R. R. Co.,* 83 Ala. 493; *Louisville R. R. Co. v. Goodykoontz,* (Ind. Sup. 21 N. E. 472), 12 Am. St. Rep. 371. In a note to the last case cited, (12 Am. St. Rep. 377), will be found other authorities cited, to the proposition that punitive damages are not recoverable in such actions, unless they are given by the statute. We have no statute giving punitive damages, or that changes the common law rule as to damages in such actions. Section 26 of

the Code of 1896, which authorizes the recovery of "such damages as the jury may assess," is not applicable here, and only applies when death results from the injury, and the action is for damages for wrongfully causing the death of the minor child.

The father cannot in an action of this kind recover damages for mental suffering, on account of the injuries sustained by his child. This principle, is, we think, as well settled, as the one that punitive damages are not recoverable. In *Black v. Carrollton R. R. Co.*, 63 Am. Dec. 588, the rule is thus stated: "In estimating damages sustained by father from injuries to his infant son, the jury may take into consideration the expenses of medical attendance, the loss to the father through neglect of business during his son's illness, and the loss likely to arise to the father from the son's crippled state during the period when he would be unable to provide for his own support or assist his father, but the jury cannot consider the mental anguish or suffering which the injury caused the father." There are many authorities which sustain the proposition, and without further discussion, we content ourselves by referring to the cases cited in brief of appellee's counsel.

In as much as the court below had instructed the jury contrary to the principles above stated, it committed no error in granting the motion for a new trial, and the judgment appealed from will be affirmed.

Affirmed.