# Bryant, Admr. &c. *v.* Southern Railway Co.

*Action against Railroad Company by Administrator for Killing of Intestate.*

1. *Pleading and practice; each count of the complaint must state a cause of action.*—Where a complaint contains several counts, each count is as distinct as if it was a separate complaint, and must, independently of all the other counts, contain the averments necessary to state a cause of action, or it may, to avoid unnecessary repetition, expressly refer to some former count in the complaint.

2. *Same; when plaintiff sues individually or as administrator.* The words "administrator, etc." following the plaintiff's name in the margin or caption of the complaint, are mere words of description and do not show that the plaintiff sues in a representative capacity, unless they are controlled by an additional statement in the body of the complaint; and in the absence of a statement in the body of the complaint showing that the plaintiff sues as administrator of the estate of some named deceased person, such complaint against a railroad for killing plaintiff's intestate does not state a cause of action.

3. *Action to recover for negligent killing of plaintiff's intestate; when contributory negligence defeats recovery.*—In an action against a railroad company by an administrator to recover damages for the alleged negligent killing of plaintiff's intestate, when the evidence shows that at the time of the acci-

dent the plaintiff's intestate was at or near a public road crossing in the day time, and the approach of the train could be seen, and that he walked too near to the track, just in front of the engine, and received the blow from the engine which caused his death, and the only evidence of any negligence on the part of the defendants employes in control of the engine was that tending to show a failure to ring the bell as the engine approached the crossing, the plaintiff is not entitled to recover; the only evidence of negligence on the part of the defendant not being the proximate cause of the injury complained of, but the contributory negligence of the plaintiff's intestate being the cause of such injury.

4. *Pleading and practice; when error in ruling upon evidence without injury.*—In an action against a railroad company to recover damages for the alleged negligent killing of the plaintiff's intestate, where from all the evidence introduced the defendant is entitled to the general affirmative charge in its behalf, error on the part of the court in refusing to allow plaintiff to make certain proof, which would not, in any way, have affected the result of the case, is error without injury.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. A. H. ALSTON.

This action was brought by the appellant, Alva F. Bryant, who was the administrator of the estate of William T. Dorough, deceased, against the appellee, the Southern Railway Company, to recover $2,000 for the alleged negligent killing of the plaintiff's intestate.

The complaint contained two counts. The caption of the complaint and the averments of the two counts as to the capacity in which the plaintiff sues, are sufficiently shown in the opinion.

In the first count of the complaint the plaintiff sought to recover damages for that at a public road crossing the defendant "negligently propelled a locomotive against and killed the plaintiff's intestate." In the second count the averments of negligence were that the defendant "wantonly propelled a locomotive against and killed the plaintiff's intestate." There were demurrers interposed to each of these counts, which were overruled.

The defendant pleaded the general issue and by special plea set up the contributory negligence of the plaintiff's intestate.

The following facts were shown without dispute: Plaintiff's intestate, William T. Dorough, was killed at a public road crossing about a mile west of Scottsboro on Sunday, April 8th, 1900, at about nine o'clock A. M. by a through freight train of defendant's, which was going west, and running at a speed of from 25 to 30 miles an hour. The crossing was on a curve, where the engineer could not see as much as one-fourth of a mile ahead as he approached from the east. The crossing was also on a fill, six or eight feet high. The public road at the crossing was about twelve or fourteen feet wide; just at its west side was a stock-gap where the railroad entered a field, in which garlic was growing. An hour or so before the killing the deceased was seen in this field on the north side of the track, gathering garlic. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

During the examination of one Leslie as a witness for the plaintiff, the plaintiff sought to prove what was the plaintiff's intestate's manner of walking, and whether or not he walked in a stooping position and used a stick. The defendant moved to exclude this evidence, the court granted the motion, and to each of these rulings the plaintiff separately excepted.

Upon the introduction of all the evidence the court at the request of the defendant gave the general affirmative charge in its behalf, and to the giving of this charge the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

MARTIN & BOULDIN and TALLY & HOCKWORTH, for appellant, cited Code, §§ 3440, 3443; *Central of Georgia R. Co. v. Foshee*, 125 Ala. 199; *L. & N. R. R. Co. v. Brown*, 121 Ala. 221; *Central of Georgia R. Co. v. Lamb*, 124 Ala. 172; *A. G. S. R. R. Co. v. Burgess*, 116 Ala. 515; *Tanner v. L. & N. R. R. Co.*, 60 Ala. 621; *Frazer v. S. &*

*N. R. R. Co.*, 81 Ala. 185; *L. & N. R. R. Co. v. Webb*, 97 Ala. 308; *Ensley v. Chewning*, 93 Ala. 31; *Central of Georgia R. Co. v. Vaughan*, 93 Ala. 209.

HUMES, SHEFFEY & SPEAKE, *contra*, cited *B. R. & E. Co. v. Bowers*, 110 Ala. 328; *Burson v. L. & N. R. R. Co.*, 116 Ala. 198; *Ga. Pac. R. Co. v. O'Shields*, 90 Ala. 29; *Southern R. Co. v. Bush*, 122 Ala. 470; *L. & N. R. R. Co. v. Markee*, 103 Ala. 160.

HARALSON, J.—1. When a complaint does not show a substantial cause of action, a judgment on it will be reversed on error, even if rendered upon a default, and there was no objection to it in the court below. *Childress v. Mann*, 33 Ala. 206.

Each count in a complaint is considered as the statement of a different cause of action.—*Maupay v. Holley*, 3 Ala. 103; *Childress v. Mann*, 33 Ala. 206.

"The several counts of a declaration are regarded as its several parts or sections; and it is not only permissible, but often very proper, to avoid unnecessary repetition and perplexity, that one should refer to the other. If, however, there is no express reference, the several counts are considered as distinct as if contained in separate declarations."—*Robinson v. Drummond*, 24 Ala. 174, 178. Each count is as distinct as if in separate declarations or complaints, and must independently of the others contain all necessary averments, or the latter count must expressly refer to the former.—*Mardis v. Shackleford*, 6 Ala. 436; *H. A. & B. R. R. Co. v. Dusenberry*, 94 Ala. 418.

The caption in the first count in the complaint in this case, is "Alva F. Bryant, administrator, etc." v. "Southern Railway Company." In the body of the complaint is the averment, "The plaintiff, Alva F. Bryant, suing as the administrator of the estate of William F. Dorough, deceased, claims," etc. This averment aids the caption, to the extent of showing in what capacity the plaintiff sues.—*Blackman v. Moore-Handley Hardware Co.*, 106 Ala. 458. If this had not been done, and we were left to the caption alone, to determine in what capacity the

plaintiff was suing, it would be held to be his individual suit, and not one in his representative capacity.—*Lowery v. Daniel*, 98 Ala. 451. The words, "administrator, etc." following the name of Alva F. Bryant, in the caption of the complaint, are mere words of description, and, alone, as stated, import a suit by said Bryant in his individual and not in his representative capacity. A. F. Bryant and A. F. Bryant administrator are one and the same name.—*Lucas v. Pittman*, 94 Ala. 616; *Westmoreland v. Foster*, 60 Ala. 449. The use of the word, administrator, without stating of whom, does not show that he sues in that capacity, but in his own.—*Buckley v. Wilson*, 56 Ala. 395.

The second count has the caption of the first and no more to aid it. It is independent, and commences, "The plaintiff claims," etc. and avers, that the defendant's agent and servants did "wantonly propel a locomotive against and kill plaintiff's intestate," without stating who he was. It fails to state a cause of action, and under it no proof of the killing of one Dorough, named in the first count, was admissible. In consideration of the case, therefore, we must eliminate this count, and are remitted to the first count alone, which charges simple negligence, to which the plea of contributory negligence of plaintiff as the proximate cause of the injury was interposed.

2. Judge Cargile, a witness for the plaintiff, describes the stock gap and fence at which intestate was killed, as being on the west side of the public road crossing, and on the north side of the railroad track. He stated, "The public road crossing was just at the edge of the stock gap which is constructed by a pit and cross ties resting upon stringers, and these cross ties are sharpened at the top, so that they can not be walked over by live stock. The railroad has a fence on each side of the stock gap, constructed of planks and posts. This fence, where it joins to the stock gap slopes from top to bottom, being attached to the stock gap at the bottom of the fence, and sloping upward from the railroad at the top. The body of Wm. Dorough was lying against this fence, his head from and his feet towards the rail-

road. I saw a spot of blood upon this fence, about the third plank from the bottom, near the body. The body was on the north side of the railroad, about ten or twelve feet therefrom, and four or six feet from the west side of the public road crossing."

One T. J. Barnes testified as to the place of the accident, substantially the same as the witness Cargile. He also stated, that he saw deceased an hour or two before the injury in the field west of the railroad, where garlic was growing. The evidence tended to show that deceased had gathered some garlic and had it at the time he was killed. This witness also testified that he was at the time, at his house about 200 yards south of the crossing; that he heard the engine blow at the signal post, a quarter of a mile east of the crossing, but did not hear it blow or the bell ring at any time after passing the signal post; that the train was running west, going 25 or 30 miles an hour.

The engineer, Cooper, testified that he blew the whistle at the signal post, and that the fireman continued to ring the bell at short intervals until the crossing was reached and passed; that one could be seen at the crossing for about 300 yards east therefrom; that he first saw deceased in the act of climbing around the end of the fence, on the north side of the railroad, at the stock gap; that looking through the window of his cab, he saw deceased, after crossing the stock gap, come out and go upon the public road, out of sight; that when he last saw him, he was about twelve feet from the railroad; that he next saw him on the east side of the public road crossing, on the north side of the railroad, and in a little path emerging from the dirt road and running east along the north side of the railroad, with his face turned towards the train; and he was going east and the train west; that he was just at the edge of the public road in the little path, about three and a half feet from the railroad iron; that the engine was, at the time, very close to him, when deceased happened to stumble or careen towards the track, and was struck by the deadwood of the engine, which extends eighteen inches outside the rail, and that witness was at his proper place, keeping a steady lookout.

[Bryant, Admr, &c. v. Southern Railway Co.]

It was shown that there is a curve in the railroad at the public crossing, and the crossing is on a fill; that the inside of the curve is on the north side of the railroad, and the north rail of the track is lower than the south rail.

According to the evidence of these witnesses, deceased was not on the crossing at the time he was struck. There was evidence tending to show a failure of the defendant's engineer to ring the bell, and this was the only evidence of any negligence on the part of the defendant's employes in control of the train, and it is manifest from all the evidence that this negligence was not the proximate cause of the injury complained of.

It is said the engineer was contradicted by the witnesses Cargile and Barnes. There is not a more material difference in the statements of these witnesses from that of the engineer, than there is between themselves in their own statements, and there is no material conflict between them and the engineer,—if that is material,—except that they both state, that the engineer when talking to them, did not say, that deceased, after leaving the stock gap, turned from the railroad upon the dirt road, or passed out of his sight. So far as appears, this variation of the account given by the engineer to the witness, as to the circumstances of the killing, does not affect the issue under the first count, as to the alleged contributory negligence of plaintiff.

3. If there was error in not allowing plaintiff to prove, what was the form and carriage of deceased in walking; what was his manner in walking, and whether or not he walked with a stick, it was error without injury, since with those facts in or out of the case, the defendant was entitled to the general charge as requested

Tried on the first count, as the case must have been, there was no error in giving the general charge for the defendant.

Affirmed.