# Nashville, C. & St. L. Ry *v.* Hill.

*Action for Damages for Death of Minor Child, Employed Without Consent of Parent.*

(Decided April 5, 1906.   40 So. Rep. 612.)

1. *Removal of Causes; Amount in Controversy.*—Where the amount sued for is $1,990.00, and the complaint contains several counts, each count claiming that amount, and each count contained the same damnifying act—the wrongful killing,—but one recovery can be had, and in no greater amount than the sum stated in one count, and that amount not being within the jurisdiction of the Federal Court, the cause is not subject to removal.

2. *Limitation of Actions; Pleading; Sufficiency of Allegation; Code Form.*—A plea to an amendment, that "it is barred by the statute of limitation of one year," upon which issue is joined, is not supported by proof, so as to entitle the defendant to the affirmative charge, that the amendment was filed more than than a year after the killing occurred, where the amendment was within the *lis pendens* of the original suit, which was filed within the year.  Though it might be otherwise had the pleader alleged and showed that the accident happened more than a year before the filing of the amendment to the complaint, and issue was joined thereon; upon the idea that a proven plea, even if immaterial, will entitle one to a verdict.

3. *Same; Commencement of Action; Amendment to Complaint; Change of Form.*—The original complaint having been filed within the year from the date of the alleged killing, and the amendment, which was filed after a year from the killing, stated the same damnifying act or omission, the amendment is within the *lis pendens* of the suit, and relates back to the commencement of the action and is not by the limitaton of one year.

APPEAL from Marshall Circuit Court.

Heard before Hon. JAMES A. BILBRO.

Action by Francis Hill, mother, to recover of the N. C. & St. L. Ry. damages for death of son, a minor, em-

ployed by defendant without the consent of the parent, and put to hazardous labor on the defendant railway, that of brakeman. The facts necessary to an understanding of the points decided sufficiently appear in the opinion of the court.

OSCAR R. HUNDLEY, for appellant.—The bond being sufficient, the circuit court could look no further than the face of the petition, and the facts required by the federal statutes being therein stated, the circuit court lost its jurisdiction, and committed error in proceeding further with the trial.—*Stix & Co. v. Keith,* 90 Ala. 125; *Mix v. Ins. Co.,* 74 N. Y. 53; *Ayers v. Watson,* 113 U. S. 594; 102 U. S. 135; 95 U. S. 72; 104 U. S. 5; 100 U. S. 457; 106 U .S. 118; 103 U. S. 485.

The cause of action is presented in eight different counts, each count claiming the same amount. Three separate and distinct causes of action is embraced, if no more. The first and second counts present special actions in case, the third, fourth and sixth action under the Employer's Liability act, the others special actions in case under Code, Sec. 26. This renders the plaintiff entitled to recover three separate amounts, each for $1,990.00, and brings the case within the federal jurisdiction.—*Maupay v. Holley,* 3 Ala. 103; *Robinson v. Drummond,* 24 Ala. 174; *Thompson v. So. Ry. Co.,* 116 Fed. 899.

The court erred in refusing the affirmative charge for the defendant. The statute of limitations was proven as pleaded, and issue was joined on it by plaintiff.—*N. C. & St. L. Ry. v. Parker & Co.,* 123 Ala. 693.

The verdict was excessive, and the motion for new trial should have been granted.

ROBERT N. BELL, for appellee.—The only cause of action stated is for loss of services of the minor. There could be recovery for naught else. No matter how many counts she could have but one recovery, and that limited to the amount claimed, $1,990.00.—*Woodward v. Cook,*

124 Ala. 349; *McNamara v. Logan,* 100 Ala. 189; *Williams v. S. & N. R. R. Co.,* 91 Ala. 635.

The new or added count stated no new cause of action, but restated in different terms the same cause stated in the original complaint, hence it related back, and the statute of one year was not a bar as a matter of law.— *Simpson v. M. & C. R. R. Co.,* 66 Ala. 85; *L. & N. R. R. Co. v. Wood,* 105 Ala. 561; *C. of Ga. Ry. Co. v. Foshee,* 126 Ala. 224; *Dowling v. Blackman,* 70 Ala. 307; *King v. Avery,* 37 Ala. 169; *Williams v. McKissack,* 125 Ala. 544.

The verdict was not excessive.

WEAKLEY, C. J.—The complaint originally contained seven counts, and count 8 was added by amendment. Each count claimed $1,990, a sum below the minimum jurisdiction of the Circuit Court of the United States. This sum is claimed in each count as damages resulting to the plaintiff, Francis Hill, the mother of the decedent, her minor son, from a wrongful act of the defendant causing his death. As the damnifying act alleged in each count was the wrongful killing of the decedent, and as we feel safe in asserting that he could not have been killed but once, it is obviously not "legally possible" for the plaintiff to recover for more than one injury. While it is true that theoretically each count of a complaint is considered and treated as the statement of a different cause of action, each as distinct as if it were a separate declaration—(*Maupay v. Holley,* 3 Ala. 103; *Robinson v. Drummond,* 24 Ala. 174; *Bryant v. Southern Ry. Co.,* 137 Ala. 488, 34 South. 562), yet we know practically that the device of introducing numerous counts into a complaint is employed for the purpose of averting a variance between the pleadings and proof, when the plaintiff possesses and means to assert but a single right of action.—*Williams v. McKissack,* 125 Ala. 544, 27 South. 922. It being plain on the face of the record that only the damages resulting to the plaintiff from the death of her son were sought to be or could be recovered, and these damages being fixed by each count of the complaint at a sum not within the jurisdiction of the fed-

eral court, it is legally certain that the case was not removable and was properly retained by the state court.— *Thompson v. Southern Ry. Co.*, (C. C.) 116 Fed. 890.

The case was tried on count 8, all the other counts having been withdrawn, and that count was a copy, *mutatis mutandis*, of a complaint which was held to be good in *Marbury Lumber Co. v. Westbrook*, 121 Ala. 179, 25 South. 914. The suit was brought within a year from the happening of the accident, but count 8 was not filed until more than a year thereafter. The defendant pleaded the statute of limitations of one year, upon which issue was joined, and, being appellant here, relies upon the case of *Nashville, Chattanooga & St. Louis Ry. v. Parker*, 123 Ala. 683, 693, 27 South. 323, as requiring the affirmative charge, which it requested; but since the submission of this cause that case, upon the point here involved, has been expressly overruled by this court, all the judges concurring.—*Rasco v. Jefferson* (Ala.) 38 South. 247. The plea of the statute of limitations as authorized by the Code is peculiar. It contains merely an averment of a legal conclusion, to wit, that the cause of action "is barred by the statute of limitations of —— years." Code 1896, p. 949, form 32. So that, if it appear under such a form of plea that the cause of action set forth in the complaint is not barred in the number of years stated, then the plea is not proven. If, on the other hand, the plea should aver, as it might do, that the accident happened more than —— years before the bringing of the suit, or in some cases before the filing of an amendment to the complaint and issue were joined thereon, and the facts alleged were proven, the cause would come within the influence of numerous decisions, which hold that a proven plea will entitle a defendant to a verdict, although it would on demurrer have been adjudged to set up immaterial or insufficient matter, and hence to present no defense to the action. It was no doubt the overlooking of the difference between the Code form for a plea of the statute of limitations, and the form that is usual under common-law pleading that led

this court into error in the *Parker Case,* and which it corrected in *Rasco v. Jefferson* (Ala.) 38 South. 247. The seventh plea interposed to the eighth count was thus expressed: "The defendant also pleads in answer to the said eighth count of the statute of limitations of one year." It averred no fact, and was of no greater value than if it had asserted in the Code form that the cause of action set up in the eighth count is "barred by the statute of limitations of one year."

The question then arises, was count 8 barred by the statute of one year, for that it was filed more than a year after the accident, although in a suit instituted within a year? We are of opinion it was not, because under established principles it related back to the time when the suit was begun, and must have effect as of that date. The gravamen of the eighth count is "the alleged wrong of the defendant in putting the plaintiff's minor son to work at a dangerous place upon a dangerous work without her consent."—*Marbury Lumber Co. v. Westbrook,* 121 Ala. 179, 25 South. 914. The count avers that in consequence of such wrong her son was killed, and the plaintiff (thereby) lost his service during his minority, and plaintiff was damaged by reason of said injury. This damage was the deprivation of his service and wages until he attained his majority; the father being dead and the son not having been emancipated. Count 1 of the original complaint averred that plaintiff, the mother of the decedent, who brought the suit by reason of the death of the father, claimed a sum of money, for that Wade Hill, a minor, while in the employ of the defendant as a brakeman without the knowledge or consent of plaintiff, his only living parent, was negligently placed on defendant's cars in the hazardous capacity of brakeman, of the duties of which position he was ignorant; that while thus employed he was killed by being run over by the cars after he had been thrown therefrom by an unusual jerking of the engine; and that by reason of the premises and the wrongful act, omission, and negligence of the defendant the plaintiff was in-

[Cahaba Southern Mining Co. v. Pratt, Admr.]

jured and had sustained damage in the sum   claimed. The comparison of count 1 with count 8 shows that the subject-matter of the latter was within the *lis pendens* of the original suit, and hence said count introduced by amendment is saved from the ban of the statute of limitations by the doctrine of relation back to the commencement of the suit.—*Nelson v. First National Bank of Montgomery,* 139 Ala. 578, 587, 36 South. 707, 101 Am. St. Rep. 52; *Dowling v. Blackman,* 70 Ala. 303; *L. & N. R. R. Co. v. Woods,* 105 Ala. 561, 17 South. 41.   Both counts aver the wrongful employment of the plaintiff's minor son without her knowledge or consent in a dangerous work, and the accrual of damages to her because of injuries resulting in his death, which he sustained in that work.

The evidence tended to support count 8.   That count was not barred by the statute of limitations, and the affirmative charge for the defendant was properly refused.   We find no error in the overruling of the motion for a new trial.   We cannot say the verdict was excessive.

This disposes of all the assignments of error adversely to appellant, and the judgment is affirmed.

TYSON, SIMPSON, and ANDERSON, JJ., concur.