FENNELL v. JOHN HANCOCK MUTUAL LIFE INS. CO.

No. 12759.

United States Court of Appeals
Fifth Circuit.

Nov. 18, 1949.

Rehearing Denied Dec. 16, 1949.

Winston B. McCall, and William S. Pritchard, Birmingham, Ala., for appellant.

E. T. Brown, Jr., Birmingham, Ala., for appellee.

Before HUTCHESON, McCORD, and RUSSELL, Circuit Judges.

McCORD, Circuit Judge.

This suit was originally brought by plaintiff in the Circuit Court of Jefferson County at Birmingham, Alabama, for recovery on a policy of life insurance issued by the defendant insurance company on the life of John A. Fennell, Jr., plaintiff's deceased husband. The case was thereafter removed to the Federal district court for the Northern District of Alabama, on motion of the defendant company, and federal jurisdiction was there sought to be predicated on diversity of citizenship and the requisite jurisdictional amount. Both parties filed motions for summary judgment, and from a judgment entered for the defendant company, plaintiff has appealed.

We consider it unnecessary to pass upon or discuss the various questions presented on the merits of this case, for the reason that a careful consideration of this record impels the conclusion that jurisdiction cannot here be sustained, and that this appeal must be dismissed. Upon the oral argument we expressed the view that jurisdiction over this cause was doubtful, even though the issue as to jurisdiction had apparently not been raised either by the parties or the district court. However, it is well settled that we are not empowered to enlarge the scope of federal jurisdiction beyond the limits and boundaries prescribed by Congress, and that it is our solemn duty to consider ex mero motu the question of jurisdiction at any stage of a proceeding, regardless of whether such issue is raised or not.

Counsel for appellee, in an attempt to sustain our jurisdiction here, cites the decision of this court in Nickelson v. Nestles Milk Products Corporation, Inc., 5 Cir., 107 F.2d 17. That case is in nowise authority for sustaining our jurisdiction here, but is clearly distinguishable under its own facts. We think the present case is governed by the principles enunciated in Nashville, C. & St. L. R. Co. v. Hill, 146 Ala. 240, 40 So. 612. In discussing the latter case, in our own case of Nickelson v. Nestles Milk Products Corporation, Inc., 5 Cir., 107 F.2d 17, at page 18, we stated: "The rule in Alabama is that each count in a complaint is considered as the statement of a different cause of action.[1] The case of Nashville, C. & St. L. R. Co. v. Hill, 146 Ala. 240, 40 So. 612, relied upon by appellant, is clearly distinguishable. It involved the death of the plaintiff's intestate, and, although there were several counts in the complaint, the court took the view that, inasmuch as the plaintiff's intestate could be killed but once, *each count was for the same cause of action,* namely, *the wrongful death of the decedent.* That was a different case from the one before us, where the appellant is suing to recover penalties and damages accruing from alleged violations of the anti-trust laws, each claim being set forth in a separate count, *there being nothing in the complaint to rebut the presumption* that *each count is for a separate cause of action,* and the Alabama rule being that, under the pleadings, he may recover the total of the various amounts asked in each count, that total being more than three thousand dollars." (Italics ours.)

In view of the undisputed allegations of the complaint before us, it becomes patent that the rule expressed in the above quoted case logically requires a different result here. The original complaint as filed consisted of two counts for $2,000.00 each, including, in each count, $1,000.00 for the face amount of the policy plus an additional $1,000.00 alleged to be due under a double indemnity provision thereof. By amendment, plaintiff struck Count 1 from the original complaint, and attempted to add two other counts for $1,000.00 each, both seeking recovery under the same policy of insurance for the identical face amount thereof, plus a like recovery under the double indemnity provision, as sued for in the original complaint. Under no theory

---

1. Bryant v. Southern R. Co., 137 Ala. 488, 34 So. 562.

of the complaint can we assume that the requisite jurisdictional amount in controversy, exclusive of interest and costs, exceeds $3,000.00. Moreover, a recovery in full by the plaintiff upon any or all counts of the policy could not, as we understand it, exceed $2,000.00, plus interest and costs, this amount being the admitted sum total of the face value of the policy plus the value of the double indemnity provision. While, of course, the amount which may or may not be recovered is not material on the question of jurisdiction, nevertheless, as we pointed out in the Nickelson case, the Alabama rule set forth in Bryant v. Southern R. Co., 137 Ala. 488, 34 So. 562, does not apply where, as here, "each count was for the same cause of action, namely, the wrongful death of the decedent" Nickelson v. Nestles Milk Products Corp., Inc., 5 Cir., 107 F.2d 17, 18; Nashville, C. & St. L. R. Co. v. Hill, 146 Ala. 240, 40 So. 612.

It follows that the appeal should be, and the same is hereby dismissed.

